IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**                              **CASE NO. 5:18-CR-50009-003**

**MARLENE TOBAR-SALGUERO**                                                    **DEFENDANT**

**OPINION AND ORDER**

Currently before the Court is Defendant Marlene Tobar-Salguero's Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018 (Doc. 118). The Court directed the Government to file a response and Ms. Tobar-Salguero's medical records, and the Government did so. *See* Doc. 120. Ms. Tobar-Salguero filed a Reply (Doc. 121). Now that the Motion is ripe and having reviewed all of these filings, the Court **DENIES** the Motion for the reasons explained below.

**I. BACKGROUND**

On December 17, 2018, Ms. Tobar-Salguero was sentenced after pleading guilty to one count of conspiracy to distribute methamphetamine. The Court sentenced Ms. Tobar-Salguero to a 48-month term of imprisonment, a 3-year term of supervised release, a $1,900 fine, and a $100 special assessment (Doc. 97). This sentence was below the original Guideline sentencing range of 70 to 87 months. *See* Doc. 98, p. 2. Ms. Tobar-Salguero is currently incarcerated at FCI Dublin with a projected release date of July 29, 2021. *See* Fed. Bureau of Prisons, Inmates, https://www.bop.gov/inmateloc/ (last accessed Feb. 24, 2021). She has served approximately 36 months of her original sentence but now moves for compassionate release under 18 U.S.C. § 3582(c)(1) due to her type-2 diabetes and hypertension. At present, the Bureau of Prisons reports

1

that 2 inmates and 3 staff members at FCI Dublin have active cases of COVID-19. *See* Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed Feb. 24, 2021).

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement

nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Ms. Tobar-Salguero's Motion is dependent on whether she: (1) fully exhausted her administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received her request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Ms. Tobar-Salguero presents proof that she requested compassionate release from her warden on September 29, 2020 (Doc. 118-1). The Government concedes that Ms. Tobar-Salguero has exhausted her administrative remedies. Therefore, since Ms. Tobar-Salguero petitioned her warden for early release in September 2020 and because more than 30 days have lapsed since then, the Court finds that she has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

#### B. Extraordinary and Compelling Circumstances

Ms. Tobar-Salguero argues that, in light of the COVID-19 pandemic, her medical conditions—type-2 diabetes and hypertension—create extraordinary and compelling circumstances that justify her compassionate release. But the medical records submitted by the Government show that Ms. Tobar-Salguero's diabetes and hypertension have resolved, and it does not appear that she is taking medication for either of those conditions. *See* Doc. 120-3, pp. 21, 53, 61. Ms. Tobar-Salguero presents no proof to the

contrary, so the Court finds that her diabetes and hypertension do not create extraordinary and compelling circumstances justifying early release.

In her Reply, Ms. Tobar-Salguero states that, after she filed her Motion, she contracted COVID-19. *See* Doc. 121, p. 2. She argues that this illness "could exacerbate her previously managed health conditions and she believes this constitutes extraordinary and compelling reasons" for early release. *Id.* The Court disagrees. The fact that Ms. Tobar-Salguero has contracted COVID-19, by itself, does not constitute an extraordinary and compelling circumstance.[1] This is because she does not appear to have any underlying health issues that put her at heightened risk from her COVID-19 diagnosis, and there is no proof before the Court that COVID-19 will somehow exacerbate medical conditions that have already been resolved. Further, she has not presented any proof that she has received inadequate care at FCI Dublin. *See United States v. Jacobs*, 470 F. Supp. 3d 969, 975 (S.D. Iowa 2020) ("Other Courts have found that a defendant can present a sufficiently extraordinary and compelling reason for release if he or she receives inadequate care following a COVID-19 diagnosis or has underlying health conditions that can make that diagnosis more deadly.").

Ms. Tobar-Salguero also raises the possibility that she may be reinfected with COVID-19, but the Court finds that the risk of reinfection of COVID-19 is too speculative to support compassionate release. The Centers for Disease Control and Prevention ("CDC") website states that "[c]ases of reinfection with COVID-19 have been reported,

---

[1] Some courts have found that, by itself, a COVID-19 diagnosis establishes that a defendant "is subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self care," *see United States v. Davis*, 468 F. Supp. 3d 1243, 1245–46 (E.D. Cal. June 23, 2020), but Ms. Tobar-Salguero does not make that argument here, so the Court need not address it.

4

but remain rare." Ctrs. for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Feb. 24, 2021). In short, there is little basis for the Court to conclude that Ms. Tobar-Salguero faces any risk of reinfection. Other courts have agreed that the risk of COVID-19 reinfection does not, by itself, qualify as an extraordinary and compelling reason justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020) ("That possibility [of reinfection] is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley from prison."); *but see United States v. Hanson*, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (noting that a prior infection of COVID-19 may not necessarily confer immunity). In the Court's view, at this time, the risk to Ms. Tobar-Salguero posed by a potential reinfection is too speculative to constitute an extraordinary and compelling reason for compassionate release.[2]

For all of these reasons, the Court concludes that Ms. Tobar-Salguero has failed to meet her burden of establishing that extraordinary and compelling reasons exist to justify her compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Marlene Tobar-Salguero's Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018 (Doc. 118) is **DENIED.**

---

[2] The Court's decision on this score is based upon the present scientific uncertainty regarding the risks of reinfection. Should that uncertainty be resolved and the risk become more apparent, the Court may reevaluate whether that risk constitutes an extraordinary and compelling reason to release inmates from prison.

**IT IS SO ORDERED** on this 26th day of February, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE